

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES  
SYRACUSE REGIONAL OFFICE

February 21, 2024

Hon. Therese Wiley Dancks  
United States District Court  
Northern District of New York  
James M. Hanley Federal Building  
100 S. Clinton St.  
Syracuse, New York 13261

      RE:    **Valencia AG, LLC v. New York State Office of Cannabis Management, et al.**  
                Case No.: 5:24-CV-116 (GTS/TWD)

Dear Judge Dancks:

      Plaintiff filed its complaint on January 24, 2024, nearly one month ago, and its motion seeking injunctive relief two weeks ago, on February 7, 2024. See ECF Nos. 1, 9. Yesterday, Plaintiff filed a letter motion requesting expedited discovery, demanding responses to thirteen interrogatory-type questions and twelve document demands, along with a deposition that "would last about four hours." (ECF Nos. 18, 18-1). Defendants oppose Plaintiff's request.

      "Courts in the Second Circuit employ two tests for determining the propriety of an expedited discovery request." Se. Farms, Inc. v. Martens Fresh, LLC, No. 523CV00100LEKML, 2023 WL 2447752, at *5 (N.D.N.Y. Jan. 31, 2023)(citing Litwin v. OceanFreight, Inc., 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011). "The first is a 'reasonableness standard.'" Id. (quoting KeyBank Nat'l Assoc. v. Quality Pay-Roll Sys., Inc., No. 06-CV-3013, 2006 U.S. Dist. LEXIS 42078, at * 9–10 (E.D.N.Y. June 22, 2006)). "The second is a four-factor test set out in Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982)." Id., citing Litwin, 865 F. Supp. 2d at 402.

      Under Notaro, the party requesting expedited discovery must show: "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will

result without expedited discovery looms greater than the injury the defendant will suffer if the expedited relief is granted." See, Notaro, 95 F.R.D. at 405.

Indeed, "[t]he Second Circuit has yet to articulate a standard for determining whether to allow expedited discovery and courts in this circuit have variously applied either the four-part test derived from *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)—the elements of which track the standard for granting a preliminary injunction—or the more flexible standard of reasonableness and good cause...." R.R. Donnelley & Sons Co. v. Marino, 505 F. Supp. 3d 194, 209 (W.D.N.Y. 2020)(citing Schneiderman v. Griepp, No. 17-CV-3706(CBA)(JO), 2017 WL 3129764, at *1 (E.D.N.Y. July 20, 2017) (citations and internal quotations omitted).

However, in the event that the Court concludes the "good cause standard" is the appropriate approach, the Court still may take into account "the standard necessary to establish entitlement to a preliminary injunction, including for instance whether there is some connection between the request for expedited discovery and the avoidance of irreparable injury and any burdens associated with the expedited discovery in comparison to the potential injury to the moving party in the absence of expedited discovery." Id. at 210.

Here, Plaintiff has neither shown that the expedited discovery requests are reasonable under the good cause standard, nor has Plaintiff shown that the request should be granted pursuant to the four-factor Notaro test. Further, Plaintiff's discovery demands are burdensome and many, and the timeframe to produce them—incredibly short, particularly given the complexity of the demands.

Consequently, Defendants respectfully request that Plaintiff's request for expedited discovery be denied.

Respectfully,

*s*/*Aimee Cowan*

Aimee Cowan
Assistant Attorney General
Bar Roll No. 516178

cc:   Robert E. Purcell, Esq. (*via CM/ECF*)