

# How to get Documents Proving a Conviction for a Marihuana-Related Offense

Applicants may submit documentation that proves a conviction was for a marihuana-related offense (hereafter, conviction). The Office of Cannabis Management (the Office) will accept several forms of documentation. This page provides a description of where applicants may be able to locate each document.[1]

It may be more difficult for you to obtain documents proving a conviction if the conviction is not your own. If you wish to access the court records of another person and those records are sealed or expunged, you will likely need written, notarized consent. Furthermore, each court and government agency may have additional rules about accessing the records of another person.

### 1. Certificate of Disposition

Contact the court where the person convicted was sentenced and request a "Certificate of Disposition". You will need a government-issued photo ID and may have to pay a fee. You can request a Certificate of Disposition for another person, but the court may require you provide their date of birth or other information.

### 2. Results from a criminal history background check (rap sheet)

Applicants will need to contact the New York State (NYS) Division of Criminal Justice Services (DCJS) to obtain their criminal history. Instructions on how to obtain your records can be found [here](). You must be fingerprinted and there is a fee, which may be waived if you are eligible. Please click on the above link for more directions or reach out to DCJS directly for any questions.

If the person convicted requested that the marihuana conviction be destroyed, DCJS will not be able to provide any documentation that the conviction ever existed. If an unsuppressed criminal history is requested, any expunged convictions should show as being sealed but are still accessible. Contact DCJS directly on how to obtain expunged/sealed records. Please visit [this link]() for more information on record expungement.

---

[1] *The Office of Cannabis Management cannot guarantee the ability of any applicant to access documentation from any other government agency including, but not limited to, the ones mentioned on this document. Applicants may wish to request documentation from multiple sources to ensure timely submission of application.*



You cannot obtain a fingerprint-based RAP sheet for anyone other than yourself. You can hire a private company to complete a background check. Sealed or expunged records may not show up on the private company check, but public records may show up on these checks.

### 3. DMV Driving Abstract

A DMV driving abstract may or may not show an expunged marihuana-related offense on it. To obtain a driving abstract, please visit the DMV website and follow the directions. Please note that there is a fee associated with obtaining a DMV driving abstract.

### 4. Record of judgment and conviction

Contact the court where the person convicted was sentenced and request a copy of the "judgment and conviction". You will need a government-issued photo ID and may have to pay a fee.

### 5. Record of plea, verdict, and sentence

Contact the court where the person convicted was sentenced and request a copy of the "plea, verdict, and sentence". Some courts organize their records based on the outcome of the case, while other courts do not. You may need to specify the outcome of the case – e.g., guilty plea, trial – or whether you want a copy of the sentencing papers. You will need a government-issued photo ID and may have to pay a fee.

If the person convicted was incarcerated in a state facility, you can also look for their records on the Department of Corrections and Community Supervision (DOCCS) website here. If the person convicted was on parole, you can look up their information here.

### 6. Acknowledgement of Application to Destroy Expunged Marihuana Conviction Record (DCJS)

Contact DCJS for instructions on how to obtain your records here. You must be fingerprinted and there is a fee, but if it may be waived if you are eligible. Please click on the above link for more directions or reach out to DCJS directly for any questions.

If the person convicted submitted an application to destroy or expunge marihuana conviction records, they may not show up on DCJS criminal history checks or police records. However, these records may have been saved in your personal records. It may be possible for you to access the Certificate of Disposition or other records held by the Court if it is in your personal record.



**7. Docket entry from court records that indicates the existence of a conviction**

>Contact the court where the person convicted was sentenced and request a copy of the docket number and docket information. You will need a government-issued photo ID and may have to pay a fee.

**8. Minutes of a court proceeding or a transcript of a hearing that indicates the existence of a conviction**

>Contact the court where the person convicted was sentenced and request a copy of the transcript from the court hearings. You will need a government-issued photo ID and may have to pay a fee.

**9. An abstract of a record of conviction prepared by the court in which the conviction was entered that indicates the charge or section of law violated, the disposition of the case, the existence and date of conviction, and the sentence**

>Contact the court where the person convicted was sentenced and ask them to provide you the document as described above.

**10.  Any document or record prepared by or under the direction of the court in which the conviction was entered that indicates the existence of a conviction**

>Contact the court in which the conviction was entered and ask them for this document for the person convicted.

**11.  Affirmation from an attorney that indicates the existence of a conviction**

>Contact the office of the attorney that the person convicted used during court proceedings for the conviction you are trying to prove. Ask them to provide an affirmation under the penalties of perjury pursuant to CPLR 2106 affirming that they were the attorney that worked on the specific marihuana-related arrest or conviction.

**12. A post-conviction Criminal Procedure Law (CPL) Article 440 Post-Judgment Motion, including, but not limited to a motion to vacate a criminal conviction or to re-open a criminal case**

>Provide a copy of the post-judgment motion if you have a copy in your files. If you do not have a copy of this motion, please contact the chief clerk of the court in which it was filed, the court clerk of the judge who rendered a decision on the motion if they are still in office, the private attorney the person convicted used to file this motion, or the public defender's office that assisted the person convicted in filing this motion.

**13. A Governor's Commutation letter**



If you were granted clemency for a New York State marihuana-related conviction and need to inquire about obtaining a copy of your clemency certificate, please contact the Executive Clemency Bureau using the contact information provided here.

**14. Records that may be maintained by local or state correctional facilities (e.g., DOCCS inmate or parolee files)**

Please visit the NYS Department of Corrections and Community Supervision (DOCCS) website here to submit a Freedom of Information Law (FOIL) request for your records.

If the person convicted was incarcerated in a state facility, you can also look for their records on the DOCCS website here. If the person convicted was on parole, you can look up their information here.

**15. Health Records that indicate the existence of a conviction**

Contact the facility where the person was incarcerated and request a copy of the health records. Each facility will have a different process to obtain these records. Note that obtaining health records for an individual other than yourself could be difficult. Please visit the NYS Department of Corrections and Community Supervision (DOCCS) website here to submit a Freedom of Information Law (FOIL) request for health records while incarcerated if it was in a state facility.

**16. An arrest record that indicates the existence of a conviction**

Contact the police department that arrested the person convicted and ask them for proof of arrest and conviction. Please make sure to include conviction in the request. Proof of arrest that does not indicate a conviction will not be sufficient and additional documents proving conviction must also be provided.

**17. A police file that indicates the existence of a conviction**

Contact the police department that arrested the person convicted and ask them for their police file that includes proof of the conviction. Please make sure to include conviction in the request. Proof of arrest that does not indicate a conviction will not be sufficient and additional documents proving conviction must also be provided.

*What if I don't know where the convicted person was sentenced?*

*Some of the items listed above require you to know the court where the person convicted of a marihuana-related offense was sentenced. If you do not know the*



*sentencing court, obtaining documents may be difficult. You may be able to narrow your search for the sentencing court by first considering the type of conviction. If you know that the conviction was a misdemeanor, it would have been handled by a town, village, district, city, or NYC criminal court. Felonies would have been handled by a supreme or county court, in most cases.*

*It can also be helpful to know the county where the arrest occurred. If you know the county where the person was arrested, you may contact the local town, village, district, city, or NYC criminal court within that county to see if they have the case on file.*

*The Office may accept other information verifying a marihuana-related offense as approved.*